IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Civil Action No. 1:22-cv-90

**FREEDOM METALS, LLC**, a Florida limited liability company,

    Petitioner,

v.

**FREEDOM METALS, INC.**, a Wisconsin corporation,

    Respondent.

_____/

**COMPLAINT FOR CANCELLATION OF REGISTERED TRADEMARK**

Petitioner, FREEDOM METALS, LLC, a Florida limited liability company ("Petitioner" or "Plaintiff"), by and through its undersigned counsel, hereby files its Complaint for Cancellation of a Registered Trademark filed "FREEDOM METALS," registration number 5,951,832, against Respondent, FREEDOM METALS, INC., a Wisconsin corporation ("Respondent" or "Defendant"), and alleges:

*Freedom Metals, LLC v. Freedom Metals, Inc.*
Page 2

## JURISDICTION, PARTIES AND VENUE

1.  This Court has original jurisdiction of this action for cancellation of a trademark registered upon the principal register of the United States Patent and Trademark Office pursuant to 15 U.S.C. §§ 1121(a), 1119, 1053 and 1064.

2.  Petitioner, FREEDOM METALS, LLC, is a Florida limited liability company, registered with the Secretary of State of Florida on February 13, 2020. *See* **Exhibit "A"** attached hereto.

3.  Petitioner's principal place of business is located at 18504 SE Highway 19 Cross City, FL 32628, in Dixie County, Florida. *See* **Exhibit "A."**

4.  Petitioner is a family-owned business that manufactures and sells metal panels, metal trim, metal trusses and roofing accessories. Petitioner's geographic market for selling its products is within the United States. *See* **Exhibit "B"** attached hereto.

5.  Respondent, FREEDOM METALS, INC., is a Wisconsin corporation, originally registered on June 15, 2000, under the name of R & A Acquisition, Inc. The name was amended on October 19, 2000, to R & A MFG. Co. Inc., and again, the name was amended on October 19, 2000, to FREEDOM METALS, INC. *See* **Exhibit "C"** attached hereto.

6. Respondent's principal place of business is located at 420 West Main Street, Coleman, WI 54112, in Marinette County, Wisconsin. *See* **Exhibit "D"** attached hereto.

7. Respondent is in the business of custom manufacturing stainless steel and aluminum plates by utilizing in-house equipment capable of waterjet cutting, sawing, firming, machining, welding, vibratory stress relieving, vibratory finishing, tube bending and 3–20 ton overhead cranes. *See* Composite **Exhibit "E"** attached hereto. The geographic market for the use of Respondent's products is unknown to the Petitioner. Respondent advertises its goods and services on the world wide web under the Universal Resource Locator ("URL") https://www.freedom-metal.com.

8. Venue in this jurisdiction is proper as Petitioner's principal place of business is located in this jurisdiction and Petitioner conducts business throughout this jurisdiction.

## REGISTRATION OF THE SERVICE MARK
## AT ISSUE BY RESPONDENT

9. On April 4, 2019, Respondent filed its application with the United States Patent and Trademark Office (the "Application") to register FREEDOM METALS as a standard character service mark (the "Service Mark"). The Application was issued Serial Number 88399852. The Respondent represented that it first used the Service Mark in commerce on May 17, 2019.

10. On December 31, 2019, the United States Patent and Trademark Office registered Respondent as principal registrant of the Service Mark issued under Registration Number 5,951,832. *See* **Exhibit "F"** attached hereto.

11. This action to cancel the registration of Respondent's Service Mark is being filed within five (5) years from the date of registration of Respondent's Service Mark.

## GENERAL ALLEGATIONS

12. Petitioner seeks the cancellation of the Respondent's Service Mark "Freedom Metals" because the Service Mark should not have been registered, as Freedom Metals was used as a trade name well before Respondent sought registration of the Service Mark.

13. In fact, the trade name "Freedom Metals" is generic, lacks inherent distinction, was not obtained in good faith and does not require protection as other companies that provide different services than Respondent throughout the United States have been using the name in the stream of commerce prior to it being registered by Respondent with the United States Patent and Trademark Office, and Respondent is well aware of the error in having applied for and been issued the registration of the Service Mark as a result thereof.

14.     Specifically, since April 11, 1996, "Freedom Metals" has been continuously registered as a fictitious name under the laws of the State of Pennsylvania owned by Matthew J. Will, owner of Freedom Metals Manufacturing, Inc., a Pennsylvania corporation, formed on June 25, 1999, which is not affiliated with Respondent. *See* Composite **Exhibit "G"** attached hereto. Its principal place of business is located at 107 Ryan Lane, Duncansville, PA 16635. *See* **Exhibit "G."** The use of the fictitious name Freedom Metals has been continuously used in interstate commerce first by Matthew J. Will and then by his company, Freedom Metals Manufacturing, Inc. Freedom Metals and Freedom Metals Manufacturing, Inc. manufacture custom fabricated metal siding panels for residential properties and roofing and siding panels for commercial properties such as schools and hospitals. Freedom Metals advertises its goods and services on the world wide web under the URL https://www.freedommetal.com. *See* Composite **Exhibit "H"** attached hereto.

15.     Since January 11, 1982, Freedom Metals, Inc. has been an active registered North Carolina corporation, with its principal place of business located at 2014 Vanderbilt Road, Charlotte, NC 28206. *See* **Exhibit "I"** attached hereto. Freedom Metals, Inc. advertises under the URL https://freedommetalsinc.com and provides such services as a metal fabricator, stainless steel recycling, metal welding,

scrap metal recyclers and metal craftsmen. Freedom Metals, Inc. advertises as follows:

> Whether you are in need of stainless sheets, stainless plates, stainless flats or rounds, Freedom Metals can supply it. We also have carbon, aluminum, brass and more; and we can weld, shear, form, roll, machine or cut the material to size. Simple or complex needs have been met here since 1982, so call us today. Stainless Steel Sheets in North Carolina.

*See* **Exhibit "J"** attached hereto.

16. Since February 7, 2001, Freedom Metals, LLC d/b/a Freedom Metals has been a Colorado corporation in good standing. It is owed by Steve and Alison Finn, with its principal place of business located at 7130 County Road 3, Marble, CO 81623. *See* **Exhibit "K"** attached hereto. Freedom Metals uses architectural metalwork to create railings, lighting, hardware, fireplace doors and screens and furniture for homes and businesses. It advertises under the URL www.freedommetals.net. *See* Composite **Exhibit "L"** attached hereto.

17. Since February 25, 2005, Freedom Metals, LLC has been a New Jersey limited liability company in good standing. *See* **Exhibit "M"** attached hereto. It is a family-owned business with its principal place of business located at 960 Frelinghuysen Avenue, Newark, NJ 07114. Freedom Metals, LLC provides metal roofing and steel siding for residential and commercial properties. *See* **Exhibit "N"** attached hereto.

## THE LAW OF CANCELLING A REGISTERED SERVICE MARK

18. 15 U.S.C. § 1053, entitled Service Marks Registerable, states:

Subject to the provisions relating to the registration of trademarks, so far as they are applicable, service marks shall be registrable, in the same manner and with the same effect as are trademarks, and when registered they shall be entitled to the protection provided in this chapter in the case of trademarks. Applications and procedure under this section shall conform as nearly as practicable to those prescribed for the registration of trademarks.

19. The Court has certain powers in actions involving a registered mark under 15 U.S.C. § 1119, entitled Power of Court Over Registration, which states:

In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Director, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby.

20. A service mark may be cancelled under 15 U.S.C. § 1052(d), entitled Cancellation of Registration, when:

**No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it— (d) [c]onsists of … a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, mistake, or deceive[.]**

(Emphasis added).

21. A petitioner may file a petition to cancel a registered mark pursuant to 15 U.S.C. § 1064, which provide, in applicable part:

> A petition to cancel a registration of a mark, stating the grounds relied upon, may, upon payment of the prescribed fee, be filed as follows by any person who believes that he is or will be damaged…by the registration of a mark on the principal register established by this chapter…(1) [w]ithin five years from the date of the registration of the mark under this chapter.

## COUNT I
## CANCELLATION OF THE SERVICE MARK "FREEDOM METALS"

22. Petitioner realleges paragraphs 1 through 21 of this Petition and incorporates them by reference as if fully set forth herein.

23. Petitioner has standing to file this Petition and seek the cancellation of Respondent's registration of the Service Mark "FREEDOM METALS" as Petitioner has been damaged and/or will be damaged by Respondent's registration of the Service Mark.

24. Specifically, on or about January 18, 2022, Respondent issued a letter to Petitioner demanding Petitioner cease and desist from utilizing "FREEDOM METALS" in its corporate name and for any commercial purpose whatsoever as a result of the registered Service Mark. *See* **Exhibit "J"** attached hereto.

25. However, Petitioner has expended significant resources in advertising, marketing and promotion of its services using "FREEDOM METALS" in its

corporate name. As a result, Petitioner has gained considerable customers buying its products and goodwill associated with Petitioner selling quality metal panels, metal trim, metal trusses and roofing accessories.

26. However, Respondent has chosen to demand Petitioner cease utilizing "FREEDOM METALS" in its corporate name. Nonetheless, Petitioner is not in the same industry, does not serve the same customers, nor is it in the same state as Respondent.

27. Conversely, Respondent has not sought to enforce the registration of the Service Mark and demanded that any other company referenced herein cease utilizing "FREEDOM METALS" in its corporate name.

28. As a result of the erroneous registration of the Service Mark "FREEDOM METALS" by Respondent, Petitioner will be damaged and/or has been damaged by:

   a. Being deprived of the goodwill value of its continuous use of Freedom Metals in its corporate name, its advertising services, its marketing materials and promotion of its services;

   b. Incurring the expense of changing its corporate name, its advertising services, and its marketing materials;

   c. Incurring the expense of changing its corporate name on its product licenses, product approvals and products; and

      d.      Disposing of hundreds of products that are engraved with the name of Freedom Metals that are ready to be sold to customers.

29. In addition, Petitioner has standing to file this Petition and seek the cancellation of Respondent's registration of the Service Mark "FREEDOM METALS" as there are valid grounds for discontinuing the registration.

30. Specifically, the registration of the Service Mark "FREEDOM METALS" is generic, lacks inherent distinction and was not obtained in good faith by Respondent. "FREEDOM METALS" was a trade name used in the stream of commerce as early as 1996, well before Respondent sought registration of the Service Mark with the United States Patent and Trademark Office. Petitioner, Respondent and other companies referenced herein that use "FREEDOM METALS" are located in different states, provide different services and sell different products to different customers and, thus the registration of the Service Mark "FREEDOM METALS" does not require protection as defined under the law.

31. Petitioner, using the corporate name of "FREEDOM METALS, LLC," is a family-owned business located in the State of Florida, manufactures and sells metal panels, metal trim, metal trusses and roofing accessories.

32. The name "FREEDOM METALS, LLC" was specifically chosen by the family as the business provided the <u>freedom</u> for certain members take their

knowledge from working for a third party, apply it to a new business and start anew and work together as a family to build their own successful business.

33. Respondent, on the other hand, is located in the State of Wisconsin and is in the business of custom manufacturing stainless steel and aluminum plates by utilizing in-house equipment capable of waterjet cutting, sawing, firming, machining, welding, vibratory stress relieving, vibratory finishing, tube bending and 3–20 ton overhead cranes.

34. There is not any actual or inevitable likelihood of confusion by Petitioner's use of "FREEDOM METALS"

35. Therefore, in accordance with the applicable provisions under The Lanham Act, Petitioner seeks cancellation of the Registration of the Service Mark "Freedom Metals" to the Respondent.

**WHEREFORE**, Petitioner, FREEDOM METALS, LLC, prays that this Court will find that that the service mark "FREEDOM METALS" was improperly registered in violation of 15 U.S.C. § 1052(d) because ethe mark or trade name has been previously used by another and not abandoned and, thereupon, direct the United States Patent and Trademark Office to cancel the registration of the service mark "FREEDOM METALS," registration number 5,951,832 and award such further

*Freedom Metals, LLC v. Freedom Metals, Inc.*
Page 12

relief, including court costs and, if appropriate, award Petitioner its damages against the Respondent.

Dated: April 20, 2022.

                                                Respectfully submitted,

                                                **OSHEROW, PLLC**
                                                *Counsel for Petitioner*
                                                2101 N.W. Corporate Blvd.,
                                                Suite 410
                                                Boca Raton, Florida 33431
                                                Telephone: (561) 257-0880

                         By:    s/ *Mark R. Osherow*
                                                **MARK R. OSHEROW**
                                                Florida Bar No: 997013
                                                mark@osherowpllc.com
                                                eservice@osherowpllc.com